AMOS NOYES, administrator, *vs.* JOHN B. PRITCHARD & others.

Essex. November 7, 1888. — December 31, 1888.

Present: MORTON, C. J., FIELD, DEVENS, C. ALLEN, & KNOWLTON, JJ.

*Bequest — Remainder — Partial Intestacy.*

A testator, by his will, after giving to his wife the use for life of a sum of money, "with power to spend as much of the principal as she may require in case the income does not give her a suitable maintenance, and she is to decide that herself," and leaving pecuniary legacies to others, provided in the final clause, "In case the estate should exceed the sum named, I give to my wife fifty cents on the dollar, and to my father and brother W. the balance, equally divided." *Held,* that a balance of the gift for life to the wife, remaining at her death, was to be treated as intestate estate, and not as disposed of by the last article of the will.

BILL IN EQUITY, filed June 15, 1887, by the administrator *de bonis non*, with the will annexed, of the estate of Thomas

Pritchard, Jr., for instructions as to the disposition of a portion of the estate. At the hearing, before *C. Allen*, J., it appeared that Thomas Pritchard, Jr. died on November 2, 1865, leaving a will which contained the following provisions:

" 1st. I desire that all my just debts and funeral expenses be first punctually and speedily paid.

" 2d. I give and bequeath to my beloved wife, Keturah M. Pritchard, the sum of fourteen thousand dollars, and all household furniture I may be possessed of at my decease, during her natural life, with power to spend as much of the principal as .she may require in case the income does not give her a suitable maintenance, and she is to decide that herself.

" 3d. I give and bequeath to my father, Thomas Pritchard, the sum of fifteen hundred dollars for his use forever.

" 4th. I give and bequeath to my brother, William Pritchard, the sum of one thousand dollars.

" 5th. I give and bequeath to my sisters, Eunice Pritchard, Mary K. Herman, and Ann W. Stinsen, each five hundred dollars.

" 6th. I give and bequeath to each of my brother and sister not named above ten dollars each.

" 7th. I give my wife authority at her decease to give to her sister, Mary P. Hills, the sum of two thousand dollars, if she feels so disposed.

" 8th. I hereby appoint my dear wife, Keturah M. Pritchard, executrix of this my will, which was wrote by my own hand in the city of Newburyport, this eleventh day of July, in the year eighteen hundred and sixty-four.

" 9th. In case the estate should exceed the sum named, I give to my wife fifty cents on the dollar, and to my father and brother William the balance, equally divided."

The widow of the testator died, testate, in April, 1884, and her executor upon the settlement of her estate paid over to the plaintiff six thousand five hundred dollars, that amount being the balance remaining of the sum of fourteen thousand dollars mentioned in the second article of her husband's will, and constituting the fund in question. Sarah F. Gould, one of the defendants, contended that the reversion of the fund mentioned in the second article of the will was intestate property, and

should be distributed as such, while the other defendants contended that the reversion of that fund was disposed of by the ninth clause of the will.

The judge made a decree, which provided, among other things not material, " that the reversion of said fund was intestate property, and should be distributed as such; but, since the widow has already received her share thereof, no part to be paid to the estate of the testator's widow."

From this portion of the decree the defendants, except Sarah F. Gould, took an appeal; and the judge reported the case for the consideration of the full court.

*F. H. Pearl*, for Sarah F. Gould.

*C. A. Sayward*, for the other defendants.

FIELD, J.   The sole question raised by the report in this case is whether the sum of six thousand five hundred dollars, received by the plaintiff as a part of the fourteen thousand dollars mentioned in the second article of the will, is to be distributed as intestate estate, or as property bequeathed by the ninth article of the will.   It is not contended that the legal effect of this second article was to give to the widow of the testator, absolutely, this sum of fourteen thousand dollars, and we shall consider only the question raised by the report.

The will, after directing that the debts and funeral expenses be paid, disposes of definite sums of money, and by the ninth and last article provides: " In case the estate should exceed the sum named, I give to my wife fifty cents on the dollar, and to my father and brother William the balance, equally divided." This is not a general residuary clause.   We think that the testator intended by this clause to dispose of any excess of his estate over the sums he had already named in his will, and that he did not have in mind or intend to dispose of any part of the fourteen thousand dollars mentioned in the second article.   The portion of this sum which the representative of the widow has paid to the plaintiff must be regarded as property undisposed of by the will.

*Decree affirmed.*